UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| United States of America | : |
| | : No. 3:14-cr-55-3(VLB) |
| v. | : |
| | : |
| Andrew Aviles | : January 20, 2023 |
| | : |
| | : |

**ORDER DENYING THE DEFENDANT'S MOTIONS FOR A SENTENCE REDUCTION**

Andrew Aviles, the defendant in the above captioned case, is serving a custodial sentence with the Bureau of Prisons ("BOP") having been convicted of violations of the Travel Act, 18 U.S.C. § 1952. On June 9, 2017, the Court sentenced Mr. Aviles to a 237-month custodial sentence to be followed by 5 years of supervised release.

Before the Court is Mr. Aviles's motion for a sentence reduction, wherein he argues that he should be released from custody considering his remarkable rehabilitation as documented by the programs he completed while in prison, letters of prison performance by two BOP staff members, and the several letters written by family members and friends. (Mot. for Sentence Reduction, ECF No. 337.) The Government objects, arguing that Mr. Aviles has failed to establish he has exhausted his administrative remedies and that he is not entitled to a sentence reduction. As detailed below, Mr. Aviles's motion is denied. .

As explained, Mr. Aviles seeks to modify his criminal judgment to afford him immediate release from custody. A judgment of conviction can only be subsequently modified in limited circumstances; when: "(1) modified pursuant to

1

the provisions of [18 U.S.C. § 3582(c)]; (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742." 18 U.S.C. § 3582(b). The only provision under section 3582(b) arguably applicable here is under the first circumstance, where modification is pursuant to section 3582(c).  Section 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrants such a reduction.

The Government argues that Mr. Aviles has failed to exhaust his administrative remedies, as required under section 3582(c)(1)(A).  The Court agrees with the Government.  Mr. Aviles has not provided any evidence establishing he has exhausted his administrative remedies, even after being alerted of the default in the Government's opposition filed more than 30 days ago. While there are exceptions to the exhaustion requirement, *see United States v.*

2

*Perez*, 451 F. Supp. 3d 288, 291 (S.D.N.Y. 2020), Mr. Aviles provides no information upon which the Court can determine if an exception applies here. Therefore, the Court denies Mr. Aviles's motion for a sentence reduction pursuant to section 3582(c)(1)(A), because he has failed to establish he has exhausted his administrative remedies.

Notwithstanding, in reviewing Mr. Aviles's motion, the Court does not find extraordinary and compelling reasons warranting the extraordinary relief of a sentence reduction. Mr. Aviles has provided evidence of his exemplary prison record and that he has used his time in custody to improve himself tremendously. The Court is impressed and delighted to see how well Mr. Aviles is doing. However, rehabilitation alone is not a consideration warranting a finding of extraordinary and compelling reasons warranting a sentence reduction. *See* 28 U.S.C. § 994(t). Therefore, the Court denies Mr. Aviles's motion for a sentence reduction, because he has failed to establish extraordinary and compelling reasons warranting said relief.

IT IS SO ORDERED.

							_____
							Hon. Vanessa L. Bryant
							United States District Judge

Dated this day in Hartford, Connecticut: January 20, 2023